UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
PIERO MELLITS,                                              :
                                Plaintiff,                  :
                                                            :         21 Civ. 7310 (LGS)
                -against-                                    :
                                                            :              ORDER
MCLAREN ENGINEERING GROUP,                                  :
                                Defendant.                  :
------------------------------------------------------------:
                                                            X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, by order dated December 8, 2021, the parties were directed to show cause

why this action should not be transferred to the United States District Court of Maryland (Dkt.

No. 20).

        WHEREAS, Defendant filed a letter in support of the transfer (Dkt No. 22), Plaintiff filed

an opposition letter (Dkt. No. 28) and Defendant filed a reply (Dkt. No. 27).

        WHEREAS, under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought[.]"  28 U.S.C. § 1404(a).  In making this determination, courts

consider the following factors: "'(1) the plaintiff's choice of forum, (2) the convenience of

witnesses, (3) the location of relevant documents and relative ease of access to sources of proof,

(4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to

compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'"  *Corley

v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462

F.3d 95, 106-07 (2d Cir. 2006).  "'District courts have broad discretion in making determinations

of convenience under Section 1404(a).'"  *Id.* (quoting *D.H.Blair & Co.*, 462 F.3d at 106).

WHEREAS, the balance of convenience and the interest of justice weigh in favor of transfer.  Plaintiff, a Maryland resident, filed this age discrimination suit based on her experience working at Defendant's facility in Maryland.  Though the parties dispute the extent to which relevant witnesses may be located outside Maryland, it appears that Maryland is the locus of operative facts, and that it is more likely that any relevant documents and witnesses are located in Maryland.  *See Chan v. iSpot, Inc.*, No. 20 Civ. 8222, 2021 WL (2480881, at *3 (S.D.N.Y. 17, 2021) (explaining that "[t]he convenience of the witnesses is generally considered the most important factor.").  Defendant contends, and Plaintiff does not dispute, that it would incur unnecessary expenses if it is forced to produce witnesses, take depositions, and pursue document discovery between Maryland and New York.  Because Plaintiff is a Maryland resident and Defendant operates its business in Maryland and is already litigating a related matter in Maryland, it would be more convenient for the parties to litigate both actions in Maryland.  Plaintiff argues that transfer is not appropriate because *Defendant* may rely on agreements between the parties that contain New York forum selection and choice of law clauses.  However, this is not an action to enforce either of those agreements, nor does Plaintiff argue that his claims are within the scope of those agreements such that the parties are contractually bound to litigate their dispute here.  Though Plaintiff's choice of forum weighs against transfer, the rest of the factors generally weigh in favor of transfer.  It is hereby

**ORDERED** that this action shall be transferred to the United States District Court of Maryland.

Dated: January 6, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**